IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JAMES E. MCLEAN, JR., ) | Civil Action No. 9:13-3022-MGL-BM |
| #17701-058 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WARDEN, FCI ESTILL, *ex rel.* ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This action was filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241. Petitioner, a federal prisoner serving his sentence at the Federal Correctional Institution (FCI) located in Estill, South Carolina, asserts that he is "actually innocent" of the money laundering charges on which he was convicted because of subsequent changes in the Fourth Circuit Court of Appeals' application in United States v. Cloud, 680 F.3d 398 (4th Cir. 2012) of the United States Supreme Court's plurality opinion in United States v. Santos, 553 U.S. 507 (2008). See Petition, p. 2 ¶ 9.

The Respondent filed a Response in Opposition to the Petition and a Motion for Summary Judgment on March 7, 2014. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on March 10, 2014, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to provide an adequate response, his Petition could be dismissed.



1

The Petitioner thereafter filed a response in opposition to Respondent's motion on April 3, 2014, and a supplement on April 4, 2014. This matter is now before the Court for disposition.[1]

### Background

On September 23, 2002, [Petitioner] was indicted by a federal grand jury sitting in Charlotte, North Carolina for his leadership role in an extensive conspiracy to defraud the Department of Housing and Urban Development ("HUD"), the Government National Mortgage Association ("Ginnie Mae"), and the Federal National Mortgage Association ("Fannie Mae") through the issuance of loans secured by mortgages on non-existent or undeveloped properties. Following a week-long trial, a jury found him guilty on all counts on November 22, 2002. United States v. McLean, No. 02-cr-156-MR (W.D.N.C. 2002). The Fourth Circuit affirmed the convictions on direct appeal, but remanded for resentencing in conformity with United States v. Booker, 543 U.S. 220 (2005). United States v. McLean, 131 F.App'x 34, 36-38 (4th Cir. 2005).

On August 5, 2005, the trial court resentenced [Petitioner] to a 252-month term of incarceration and ordered restitution in the amount of approximately $24 million, a sentence affirmed by the Fourth Circuit on August 24, 2006. United States v. McLean, 192 F.App'x 234 (4th Cir. 2006). The Supreme Court denied *certiorari* on June 29, 2007.

On August 14, 2007, [Petitioner] filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. As grounds, [Petitioner] contended the indictment was initially defective in several respects and was constructively amended during the trial through the conduct of the prosecution and the court; the indictments were duplicitous; the evidence was insufficient to convict him; his counsel was constitutionally ineffective; and the court committed several errors in sentencing.

Before the trial court ordered the government to respond, on June 2, 2008, the Supreme Court decided United States v. Santos, 553 U.S. 507 (2008), in which it held that the term "proceeds" as used in the federal money laundering statute, 18 U.S.C. § 1956(a)(1)(A)(I), will generally mean "profits" rather than merely "receipts" when applied to federal criminal statutes regarding running various criminal enterprises,

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



> such as gambling, drug trafficking, and conspiracy offenses. Santos, 553 U.S. at 515-519.
>
> . . .
>
> Immediately thereafter, on September 29, 2008, [Petitioner] filed a motion to amend his 2255 motion to include a claim that his counsel was ineffective for failing to argue that under Santos he had not violated the money laundering statute. Following the government's detailed response, the trial court entered an extensive opinion denying relief on January 18, 2011. In doing so, it noted that the Supreme Court's limited holding in Santos applied only to money laundering convictions incident to illegal gambling operations,[2] United States v. Howard, 309 F.App'x 760, 771 (4th Cir. 2009), and that the evidence at trial established that [Petitioner] had used receipts generated by the mortgage fraud scheme he conducted for numerous purposes other than to fund further illegal activity within that preexisting conspiracy. McLean v. United States, No. 3:07-cv-331-MR (W.D.N.C. 2002)[R. 20, pp. 59-62 therein]. The Fourth Circuit Court of Appeals denied [Petitioner] a certificate of appealability on July 1, 2011.

McLean v. Holland, No. 11-124, 2012 WL 5878681 (E.D.Ky. Nov. 21, 2012).

On November 22, 2011, Petitioner filed a § 2241 Petition in the United States District Court for the Eastern District of Kentucky (where he was then serving his sentence), asserting many of the same claims denied in his original § 2255 Motion, including that he was "actually innocent" of the money laundering conduct charge based on the "merger" problem in Santos. Petitioner further argued that his § 2241 Petition was not barred as a successive § 2255 motion which should have been filed in the court of original jurisdiction - because it met the narrow "safety valve" exception in § 2255(e), which permits a prisoner to challenge the legality of his conviction where § 2255 is inadequate or ineffective to test the legality of his detention. According to that § 2241 Petition,

---

[2]The Respondent points out that the North Carolina District Court erroneously held that, based on Fourth Circuit's precedent at the time, Santos was limited to gambling enterprise cases. McLean v. United States, No. 07-331, 2011 WL 148313 (W.D.N.C. Jan. 18, 2011). However, the Respondent also points out that the North Carolina District Court also found as a matter of fact that even if Santos did apply to mortgage fraud schemes, "the Government produced ample evidence [that] both receipts generated from the [Ginnie Mae] scheme [. . . ] were used to promote further unlawful activity and profits [were] used for the personal expenses of the Petitioner, his family, and friends." Id.



3

changes in the substantive law of money laundering since <u>Santos</u> "decriminalized" the conduct alleged, citing <u>United States v. Halstead</u>, 634 F.3d 270, 274-275 (4th Cir. 2011)[holding that the Supreme Court's ruling in <u>Santos</u> was substantive and may be applied retroactively on collateral review and not just in cases involving illegal gambling]. Petitioner further argued that §2255 was inadequate to address his claim because, while <u>Santos</u> created a substantive change in the law[3], it did not create a new constitutional right as required to file a successive petition under § 2255 - thus availing him of the savings clause in § 2255(e).

The Kentucky district court rejected Petitioner's § 2241 petition, finding that it did not meet the narrow exception in § 2255(e) because his claims therein could have been raised at trial, on direct appeal, or in his initial § 2255 proceedings. <u>McLean v. Holland</u>, 2012 WL 5878681 at * 3. In particular, the Kentucky court noted that the court in North Carolina allowed Petitioner to amend his § 2255 motion after <u>Santos</u> was decided. <u>Id</u>. at * 4. The court held, among other findings, that,

> [i]n addition, when denying relief, the trial court [in North Carolina] stated that the evidence at trial established that [Petitioner] had used the proceeds from his mortgage scheme not merely to pay its expenses and its other participants, but to engage in new and further criminal activity by transferring funds used to defraud Fannie Mae into a new effort to commit a similar fraud upon Ginnie Mae, and for his own personal expenditures.

<u>Id</u>. at * 4 (citing <u>Smith v. Snyder</u>, 22 Fed.Appx. 552, 553 (6th Cir. 2001)[A federal court in a post-conviction proceeding may rely on the factual conclusions made by an appellate court in the same case.]

---

[3]"In <u>Santos</u>, the Supreme Court considered whether the term "proceeds" (which was not then defined in the federal money laundering statute) means "receipts" or "profits." <u>Cloud</u>, 680 F.3d at 403. The Court found that a so-called merger problem could exist where money transactions are used to pay for the costs of the illegal activity and the government uses those transactions to also prosecute the defendant for money laundering in addition to the underlying illegal activity. <u>Id</u>. at 405.



Petitioner appealed the Kentucky district court's ruling dismissing his first § 2241 petition to the Sixth Circuit Court of Appeals. McLean v. Holland, No. 12-6526 (6th Cir. Sept. 23, 2013). In his brief filed with the Sixth Circuit, Petitioner argued (1) that the Kentucky court erred in finding that his First § 2241 petition did not meet the criteria of the § 2255(e) savings clause and (2) that the trial court In North Carolina had erred in narrowly applying Santos to only illegal gambling cases, whereas the Fourth Circuit's recent opinion in United States v. Cloud, 680 F.3d at 409, reversed substantive promotional money laundering counts in a mortgage flipping scheme. See Motion in Support of Appeal, Document No. 9, pp. 1-2 (filed December 20, 2012 in 6th Circuit Court of Appeals Case No. 12-6526).

On September 23, 2013, the Sixth Circuit issued its order affirming the Kentucky court's dismissal of Petitioner's first § 2241 petition. McLean v. Holland, No. 12-6526 (6th Cir. Sept. 23, 2013).[4] With respect to Petitioner's Santos claims, the Sixth Circuit held that he failed to meet the burden required to show that § 2255 was an inadequate or ineffective remedy. McLean v. Holland, No. 12-6526, pp. 4-5 (6th Cir. Sept. 23, 2013). First, the Sixth Circuit noted that Petitioner was allowed to amend his § 2255 claim to raise the same Santos claim as in his § 2241 petition. McLean v. Holland, No. 12-6526, p. 4 (6th Cir. Sept. 23, 2013). Second, it held that Petitioner "cannot establish his factual innocence based on Santos because, as the district court [in North Carolina] properly determined when it denied his prior § 2255 motion, his money laundering convictions were proper - even in light of Santos - because Petitioner had used the proceeds from his fraudulent mortgage scheme to engage in new criminal scheme and for his own personal

---

[4]Since this order is not available on Westlaw and a copy was not submitted by the parties, the Clerk is directed to attach a copy of the order to this Report and Recommendation.



expenditures". McLean v. Holland, No. 12-6526, pp. 4-5 (6th Cir. Sept. 23, 2013).

On November 6, 2013, less than two months after the Sixth Circuit filed its mandate dismissing Petitioner's first § 2241 petition, Petitioner filed the instant petition pursuant to § 2241, this time naming the Warden of FCI Estill in the District of South Carolina as the respondent. McLean v. Warden, No. 9:13-3022-MGL-BM, Court Docket No. 1. This second § 2241 petition raises essentially the same Santos claims presented in his first § 2241 petition and in his appeal to the Sixth Circuit.

### Discussion

Federal Courts are charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the exhibits and arguments presented, the undersigned finds and concludes that the Respondent is entitled to judgment in this case, and that this Petition should therefore be dismissed.

Review of successive habeas petitions is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 2006. 28 U.S.C. § 2244(a)[Part of the AEDPA] provides that:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a Court of the United States if it appears that the legality of such detention has been



determined by a judge of court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.

Applicable case law holds that § 2244(a) bars successive petitions under § 2241 directed to the same issue. Leger v. Cruz, No. 13-372, 2014 WL 526335 at * 4 (D.S.C. Feb. 7, 2014)[adopting recommendation for dismissal where "issues involved in the petition *sub judice* have been, or could have been, addressed by this court in Petitioner's previously-filed § 2241 action]; Bakenhus v. Rivera, No. 08-2282, 2009 WL 559925 at * 1 (D.S.C. Mar. 3, 2009)[finding the petition was successive because the claim had previously been raised and adjudicated on the merits by a United States District Court]; Gates v. Stansberry, No. 07-1212, 2008 WL 2165998, at * 3-4 (E.D.Va. May 23, 2008); see also Chambers v. United States, 106 F.3d 472, 475 (2nd Cir. 1997); Simon v. United States, 359 F.3d 139, 143, n. 7 (2nd Cir. 2004); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000); Jackson v. Morris, 8 Fed. Appx. 890, 892 (10th Cir. 2001)[Habeas petition raising issues that were expressly rejected on a prior petition was successive and those issues would not be considered, even though petitioner styled his arguments to raise different aspects of the issues]. Further, even *prior* to enactment of the AEDPA, the applicable case law held that where a petitioner had filed a previous § 2241 petition which was dismissed on the merits, § 2244(a) barred a second § 2241 habeas petition. Gates, 2008 WL 2165998, at * 4; see also George v. Perrill, 62 F.3d 333, 334-335 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872, 873 (11th Cir. 1990); Poyner v. United States Parole Comm'n, 878 F.2d 275, 277 (9th Cir. 1989); Sacco v. United States Parole Comm'n, 639 F.2d 441, 442-443 (8th Cir. 1981).

Petitioner does not dispute that he raised his arguments with respect to the changes in law based on the holding in Santos in his prior § 2255 and first § 2241 petitions. Rather,



7

Petitioner argues that he is entitled to bring this Petition based on the Fourth Circuit's holding in United States v. Cloud. However, the Fourth Circuit issued its decision in Cloud on May 31, 2012, while Petitioner's first § 2241 Petition was pending, and prior to the Kentucky District Court's decision on Petitioner's First § 2241 Petition on November 12, 2012, Petitioner concedes that he had directed that court's attention to the Cloud decision. See Motion in Support of Appeal, Document No. 9, p. 1 (filed December 20, 2012 in 6th Circuit Court of Appeals Case No. 12-6526)["On 6/16/12 and 08/29/12, Petitioner-Appellant filed a memorandum in support of his § 2241 motion to add a recent case law issued by the Fourth Circuit, which is very similar to Petitioner-Appellant's case (see attachment "A", memorandum and case law United States v. Cloud, 4th. Circuit, No. 10-4057, 05/31/12)."]. Further, in Petitioner's appeal to the Sixth Circuit in his first § 2241 Petition, he not only supported his arguments by citing to the Cloud decision, but it was also the *only* copy of a decision that he attached to his brief. See Motion in Support of Appeal, Document No. 9, pp. 1, 4 & Attachment A (filed December 20, 2012 in 6th Circuit Court of Appeals Case No. 12-6526). The Sixth Circuit subsequently denied Petitioner's appeal referencing Petitioner's arguments regarding the decisions in Santos and Cloud.

      Additionally, to the extent Petitioner is trying to raise some type of ends-of-justice exception arguing that he is factually innocent, that claim has also already been considered and rejected. McLean v. Holland, No. 12-6526, pp. 4-5 (6th Cir. Sept. 23, 2013); see also McLean v. Holland, 2012 WL 5878681 at * 4; McLean v. United States, 2011 WL 148313. The ends-of-justice exception would not apply to Petitioner where some of the proceeds at issue had been used for his personal expenses and purchases; thus, Petitioner could not make the required colorable showing of factual innocence under Santos and/or Cloud. Winger v. Carnivajal, No. 11-56, 2012 WL 2936433



8

at * 5 (E.D.Tex. June 18, 2012)["The use of part of the proceeds to buy a personal residence clearly establishes that the money laundering activity involved profits from the fraudulent scheme."](citing United States v. Lyttle, 460 Fed.Appx. 3 at * 5 (2d Cir. Feb. 1, 2012)[payments of personal charge card and purchase of home furnishings from profits supported charges), adopted by, 2012 WL 2936195 (E.D.Tex. July 18, 2012); United States v. Persuad, 411 Fed.Appx. 431, 434 (2d Cir. 2011)[profits used to purchase personal items such as a car or a home supported charges]; Jackson v. Roy, No. 09-77, 2011 WL 6217962 at * 6 (E.D.Tex. Oct. 21, 2011)[some of the profits were used for petitioner's personal benefit supporting charges], adopted by, 2011 WL 6217281 (E.D.Tex. Dec. 14, 2011). Therefore, Petitioner's actual innocent claim based on Santos and Cloud has already been considered and rejected.

Accordingly, because the habeas claims raised in the instant petition were raised in Petitioner's previous § 2241 Petition[5], which was adjudicated on the merits by a United States District Court and a United States Circuit Court, this Petition is a successive petition for writ of habeas corpus barred by § 2244(a), and should be dismissed. Cf., Peagler v. Yancey, No. 05-2921, 2006 WL 2434037 (D.S.C. Aug. 21, 2006); Ray v. Simon, No. 07-1143, 2008 WL 5412067 (D.S.C. Dec. 24, 2008); see also Singletary v. Dewalt, No. 04-623, 2005 WL 1162940 (E.D.Va. 2005).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion to deny Petitioner's habeas petition be **granted**, and that this Petition be **dismissed.**

---

[5]The undersigned is also constrained to note that Petitioner made this same argument in his § 2255 petition with respect to the United States Supreme Court's decision in Santos.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 5, 2014
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



11