

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| JAMES E. MCLEAN, JR., | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:13-3022-MGL-BM |
| | § | |
| WARDEN, FCI ESTILL, *ex rel.* | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PETITIONER'S HABEAS PETITION

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and Petitioner's petition for habeas relief be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 8, 2014, and the Clerk of Court entered Petitioner's objections on September 18, 2014. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

After a week-long trial in the United States District Court for the Western District of North Carolina, a jury convicted Petitioner "for his leadership role in an extensive conspiracy to defraud the Department of Housing and Urban Development (HUD), the Government National Mortgage Association (Ginnie Mae), and the Federal National Mortgage Association (Fannie Mae) through the issuance of loans secured by mortgages on non-existent or undeveloped properties." Report 2 (citation omitted). More specifically, the jury convicted Petitioner of: wire fraud to sell fraudulent mortgages to Fannie Mae; wire fraud through the transmission of false HUD documents to secure Ginnie Mae mortgage securities; submitting false statements in connection with the Ginnie Mae scheme in violation of 18 U.S.C. § 1001; making false entries on monthly status reports required by HUD in violation of 18 U.S.C. § 1006; making and passing false mortgage notes to influence HUD in violation of 18 U.S.C. § 1010; bank fraud against BB & T in violation of 18 U.S.C. § 1344; money laundering under 18 U.S.C. § 1956; and conspiracy to commit the above-mentioned substantive offenses. Thereafter, the Fourth Circuit affirmed Petitioner's conviction, but remanded the case for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). The district court then sentenced Petitioner to a 252 month term of imprisonment and ordered restitution in the amount of approximately $25 million. The Fourth Circuit affirmed the sentence and the Supreme Court denied certiorari.

Petitioner next filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, but the district court denied him the requested relief. After the Fourth Circuit denied Petitioner a certificate of appealability, he filed a 28 U.S.C. § 2241 petition with the United States District Court

for the Eastern District of Kentucky–where he was then serving his federal sentence. The district court there denied Petitioner's § 2241 petition and the Sixth Circuit affirmed the district court's denial.

Petitioner is now before this Court with his second § 2241 petition. But a comparison of this petition with Petitioner's previously filed § 2241 petition reveals that he is arguing the same grounds for relief here as he did there. "Section 2244(a) permits courts to dismiss § 2241 petitions when they raise claims that have already been decided on the merits in a prior § 2241 petition." *Simon v. United States*, 359 F.3d 139, 143 n.7 (2d Cir. 2004). Therefore, as the Magistrate Judge correctly observes, "because the habeas claims raised in the instant petition were raised in Petitioner's previous § 2241 Petition, which was adjudicated on the merits by a United States District Court and a United States Circuit Court, this Petition is a successive petition for writ of habeas corpus barred by § 2244(a), and should be dismissed." Report 9 (footnote omitted).

Petitioner's objections generally consist of nothing more than a rehashing of the arguments that the Magistrate Judge has already considered and rejected. Because the Court agrees with the Magistrate Judge's analysis of these issues, it will not repeat the discussion here.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and Petitioner's petition for habeas relief is **DISMISSED**.

An order denying relief in a § 2241 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28

3

U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

    **IT IS SO ORDERED**.

    Signed this 30th day of September, 2014, in Spartanburg, South Carolina.

                                                     s/ Mary G. Lewis
                                                     MARY G. LEWIS
                                                     UNITED STATES DISTRICT JUDGE

*****

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.